**William Eugene CAMPBELL, Petitioner—Appellant,**

v.

**Joann GORDON, Respondent— Appellee.**

**No. 02–55856.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.*

Decided April 20, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sung Park, Van Nuys, CA, for Petitioner–Appellant.

William Eugene Campbell, Norco, CA, Karen Bissonnette, DAG, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: T. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM **

William Eugene Campbell appeals the district court's denial of his petition for writ of habeas corpus. Campbell, convicted of second-degree robbery and resisting arrest, contends he received ineffective assistance of counsel because his counsel did not investigate two witnesses who, according to Campbell, would have provided Campbell an alibi for the evening the crimes occurred. The district court denied the petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The parties are familiar with the facts and we do not recite them except as necessary for our disposition. Campbell contends his trial attorney (appointed after Campbell's first attorney withdrew due to a conflict of interest) provided ineffective assistance by failing to investigate whether Sherrie Fluker or Antoinette Davis could have provided Campbell with an alibi. Campbell presents an investigation report recounting an interview between Fluker and an investigator for Campbell's first attorney. The report shows that Fluker was uncertain when she had last seen Campbell. Fluker remembered last seeing Campbell on a Tuesday or Wednesday; the crime was committed on Monday, July 15, 1996. The report also shows Fluker did not know where Davis (Fluker's niece) was or where the investigator could find her. Campbell presented no evidence Fluker or Davis would have provided an alibi for Campbell for the night in question.

At trial, Campbell's trial counsel presented a defense theory that Campbell was merely trying to collect a disputed debt and did not commit a robbery. Considering Fluker would have been at most an extremely weak alibi witness, and Davis's whereabouts were unknown, the trial counsel's decision not to further investigate Fluker or Davis was a reasonable strategic choice, well within the objectively reasonable standard of representation set forth in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Campbell also fails to establish his trial counsel's decision not to further investigate the alibi witnesses resulted in prejudice. *See id.* at 694, 104 S.Ct. 2052.

AFFIRMED.

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts